**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6074**

ADIB EDDIE RAMEZ MAKDESSI, a/k/a Eddie Makdessi,

Petitioner - Appellant,

v.

BRYAN WATSON, Warden of Wallens Ridge State Prison,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:09-cv-00214-MHL)

Submitted:  April 19, 2018                    Decided:  April 24, 2018

Before GREGORY, Chief Judge, and THACKER and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Adib Eddie Ramez Makdessi, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adib Eddie Ramez Makdessi appeals the district court's order treating his Fed. R. Civ. P. 60(d) motion, which Makdessi filed in his 28 U.S.C. § 2254 (2012) federal habeas proceeding, as an unauthorized successive § 2254 petition and dismissing it on that basis. As we held in *United States v. McRae*, a certificate of appealability is not required in order for this court to address the district court's jurisdictional categorization of a "Rule 60(b) motion as an unauthorized successive habeas petition." 793 F.3d 392, 400 (4th Cir. 2015). Our review of the record confirms that, in the instant motion, Makdessi sought successive § 2254 relief without authorization from this court, and we therefore hold that the district court properly concluded that it lacked jurisdiction to consider the subject motion. 28 U.S.C. § 2244(b)(3)(A) (2012). Thus, we affirm the district court's order.

Consistent with our decision in *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), we construe Makdessi's notice of appeal and informal brief as an application to file a second or successive § 2254 petition. In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new, previously unavailable rule of constitutional law made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2) (2012). Makdessi's claims do not satisfy either of these criteria. We therefore deny authorization to file a successive § 2254 petition. We dispense with oral argument because the facts and legal contentions are

2

adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*